UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| MICHELLE FINE, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|    vs. | ) | 1:06-cv-1532-LJM-WTL |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
|        Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT
AND FOR REMAND**

This cause is now before the Court on a Motion to Amend/Correct Complaint ("Motion to

Amend") and for Remand filed by plaintiff, Michelle Fine ("Fine").  Fine originally filed this action

in the Marion Superior Court for recovery of life insurance proceeds upon a life insurance policy of

defendant, American General Life Insurance Company ("AIG").  AIG removed the case to this Court

on the basis of diversity, pursuant to 28 U.S.C. § 1332.  Fine now seeks leave of this Court to amend

her Complaint in order to join insurance agent Scott Blackford and his agency (collectively referred

to as "Blackford"), as additional defendants in this matter.  Both Fine and Blackford are citizens of

the State of Indiana, thus joinder of Blackford would destroy the Court's diversity jurisdiction under

28 U.S.C. § 1332 and require the case to be remanded to an Indiana state court.  AIG urges that

Fine's Motion to Amend constitutes a fraudulent joinder and that the request is futile.  Therefore,

AIG asserts denial of Fine's Motion to Amend is appropriate.

For the reasons discussed herein, Fine's Motion to Amend and Remand is **GRANTED.**

# I. BACKGROUND

On November 15, 2005, Fine and her husband Randall Scott Fine ("Scott"), each executed an application to AIG for $500,000.00 term life insurance policies (the "Policy"). Pl.'s Mot. for Remand, at 1-2. Fine was identified on Scott's application as his beneficiary of the Policy. *Id.* at 2. On or about January 24, 2006, Blackford informed Fine through email that the Policy was approved for Scott and that he was going to stop by Fine's office to pick up the premium for both Scott's and Fine's policies. Fine Dep. 38-40, Apr. 20, 2007. Fine alleges that Blackford stated the combined first-year premium for the Policy issued to Scott and the policy issued to her was $765.00. Pl.'s Mot. for Remand, at 2. On January 24, 2006, Blackford went to Fine's office and collected a personal check for that amount. *Id.* at 2; *see also* Blackford Dep. 46: 15-19, Apr. 24, 2007 (stating that Blackford collected a personal check from Fine at her office in the amount of $765.00).

On January 25, 2006, one day later, Scott died. Pl.'s Mot. for Remand, at 2. Fine subsequently submitted a claim to AIG with the aid of Blackford for the death proceeds of $500,000.00 payable under the Policy. *Id.* AIG denied Fine's claim on April 12, 2006. *Id.* AIG alleges the following: (1) Scott never accepted the terms of the Policy; (2) Scott died one day before the issue date contained in the proposed Policy; and (3) no insurance contract was formed between Scott and AIG. Def.'s Resp. at 3.

After her counsel deposed Blackford, on April 24, 2007, and August 10, 2007, and after Fine deposed AIG Vice-President of Underwriting, Jeffrey Winklemann ("Winklemann"), on August 8, 2007, Fine filed the instant Motion to Amend. Pl.'s Mot. for Remand, at 2. Fine posits that, through these depositions, additional evidence was learned to justify the amendment. *Id.* at 2-3.

2

## II. **DISCUSSION**

Blackford is an Indiana resident, and his agency, Indiana Insurance, is an Indiana corporation. Joinder of Blackford would thus add non-diverse defendants for purposes of diversity jurisdiction. If the Court permitted joinder, it would no longer have diversity jurisdiction under 28 U.S.C. § 1332(a). "When an action has been removed to federal court and the additional defendant sought to be joined by the plaintiff would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) establishes that the Court has one of two options:" (1) deny joinder; or (2) permit joinder and remand the action to the State court. *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001).

Under Federal Rule of Civil Procedure 15 ("Rule 15"), "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, this right is not absolute and may be appropriately denied when, among other concerns, the amendment would be futile, cause undue delay, or cause undue prejudice for the opposing party. *See Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). The decision whether to grant or deny a motion for leave to amend a pleading is a matter within the sound discretion of the court. *See Brunt*, 284 F.3d at 720.

Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if such joinder is fraudulent. A plaintiff may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show that there exists no reasonable possibility that a state court would rule against the in-state

3

defendant.  *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).

"In order to permit joinder and remand the action, the Court need not find that the additional party is indispensable to just adjudication of the lawsuit.  Instead, courts base their decisions to permit or deny joinder on balance of the equities."  *In re Bridgestone/Firestone*, 129 F. Supp. 2d at 1204.  In balancing the equities, the Seventh Circuit examines a number of factors, including:

> (1) the extent to which the joinder of the nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendant's interest in maintaining a federal forum.

*Id.*

The first factor in the balance of equities "'ensure[s] that the plaintiff is not purposefully attempting post-removal actions which are designed solely to accomplish remand.'"  *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205 (quoting *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93C5343, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993)).  Here, Fine seeks joinder because, through discovery, she learned additional facts that support Blackford's liability. Pl.'s Mot. for Remand, at 4.

Specifically, Fine posits that she could only determine the nature of the incorrect premium and the source of the error through Blackford's deposition and associated paper discovery.  *Id.* at 3.  In addition, a copy of a memorandum written by Blackford on January 27, 2006, at the request of AIG's general agent, was not made available until the time of discovery.  *Id.* at 3-4.  Fine contends that the content of the memorandum is an inaccurate recital of the events of January 24, 2006, and that it directly contradicts the AIG letter dated January 24, 2006, to Scott.  *Id.*  at 4.  Finally, Fine

states that it was only through discovery that she learned of Blackford's agency agreement with AIG requiring that Blackford maintain Errors and Omissions insurance ("E and O insurance") coverage during the term of the agreement. *Id.*

Fine argues that this information provides a reasonable basis for her request to amend her Complaint because it supports her allegations that Blackford is also liable to her. First, Blackford failed to exercise reasonable care in quoting Scott's premium; second, Blackford aided AIG's effort to deal with Fine in bad faith when Blackford created the false January 27, 2006, memorandum. *Id.* at 4-5. On these facts, it appears that Fine's Motion to Amend is motivated by a desire to avoid multiple litigation in different forums rather than to avoid jurisdiction.

AIG suggests the timing of Fine's motion makes it suspect because her motion closely followed AIG's filing of its Motion for Summary Judgement. AIG contends that this fact indicates that Fine made her motion in an attempt to avoid the federal forum. AIG filed its Motion for Summary Judgement on August 31, 2007. Fine's Motion to Amend was filed on September 12, 2007. However, in this context, Fine can allay any suspicion of her motive to amend by providing a reasonable explanation for the delay. *See In re Bridgestone/Firestone, Inc.*, 129 F. Supp. at 1205; *see also Vasilakos*, 1993 WL 390283, at *4. As discussed above, Fine has provided a reasonable explanation as to why she did not name Blackford in the original Complaint, which weighs in favor of permitting her to make the amendment she seeks here. *Compare In re Bridgestone/Firestone, Inc.*, 129 F. Supp. at 1205 (inferring that the request to add an additional non-diverse defendant was an attempt to defeat diversity jurisdiction because no explanation was offered as to why that non-diverse defendant was not named in the original complaint), *with Vasilakos*, 1993 WL 390283, at *4 (explaining that any suspicion of the plaintiff's reason for seeking to add a hospital as a defendant

5

was eased by the plaintiffs' explanation that state law required them to obtain a certificate of merit before suing a healthcare company in state court). This factor weighs in favor of allowing Fine to amend her complaint. However, the Court must still consider whether Fine waited too long to make the amendment.

"To determine whether a plaintiff has been dilatory in requesting an amendment, district courts in the Seventh Circuit measure the passage of time between either the filing of the case or removal and the filing of the Motion to Amend." *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205. Fine did not file her Motion to Amend until September 12, 2007, one year after the Complaint was filed, and eleven months after removal.

Courts in the Seventh Circuit have evaluated a wide spectrum of time periods with regard to this factor. For example, in a case decided in the Northern District of Illinois the passage of twenty-one days between removal and filing did not suggest that the plaintiff had been dilatory in requesting an amendment. *Zuccaro v. Ford Motor Co.*, No. 03 C 2152, 2003 WL 22668834 (N.D. Ill. Nov. 10, 2003). On the other end of the spectrum, in a case decided in this District, a time period of fourteen months was found to be dilatory. *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205 (discussing prior determinations of dilatory action for the purpose of the balancing of equities). Applying this law, without more, to the time period of eleven months between the time of removal and the time of filing the Motion to Amend in the instant case suggests that Fine was dilatory in seeking joinder. But such a rigorous application of time period fails to consider the reasons or context of the delay. *See Oneida Indian Nation of N.Y. v. County of Oneida*, 199 F.R.D. 61, 74 (N.D.N.Y. 2000) (noting that a court should consider the explanation for a delay between removal and a motion to remand when deciding the matter).

6

AIG admits that the new information Fine relies upon to support her Motion to Amend may not have been known or available to her until, at the earliest, April 24, 2007, the date of Blackford's deposition.  Def.'s Resp. at 5.  This leaves a four-month gap between the start of Blackford's deposition and filing the instant motion.  But Fine explains that she did not have the complete picture of Blackford's alleged culpability until after she deposed Winklemann on August 8, 2007, and after she finished Blackford's deposition on August 10, 2007.  Moreover, Fine further justifies her delay by recognizing the importance of factual investigation before making allegations.  *Id.* at 3 (citing FED. R. CIV. P. 11).

In the context of this case, the Court finds Fine's delay in seeking leave to amend her Complaint justified.  The Court has already concluded that it is reasonable to infer that Fine did not know of Blackford's potential liability until she deposed both him and Winklemann.  After Blackford's deposition concluded on August 10, 2007, Fine filed the instant motion within one month.  This is a short enough period of time to overcome any presumption of dilatory tactics raised by the timing of her Motion to Amend.

Next, the Court must balance the risk that Fine experience significant injury by pursuing multiple lawsuits if the amendment is not allowed against the risk that the defendant will be prejudiced if the amendment is allowed.  *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. at 1206.  "Courts normally are reluctant to force a plaintiff to pursue litigation on the same incident in both state and federal court.  *Id.*  (citing *Hart v. Dow Chemical*, No. 95C1811, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997)).  However, AIG argues that it will be prejudiced because its Motion for Summary Judgment is fully briefed and allowing an amendment and remand would delay a ruling

on its meritorious motion.  Because both parties are potentially vulnerable to prejudice, the Court finds this factor neither weighs for nor against permitting amendment.

Finally, the Court must make other equitable considerations.  "Cases examining questions of joinder and remand emphasize that defendants have 'a significant interest in proceeding in a federal instead of an out of state forum.'" *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1206 (quoting *Hart*, 1997 WL 627645 at *6).  However, "federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication." *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283, at *4 (N.D. Ill. Sept. 30, 1993).  Fine will be significantly inconvenienced if joinder is denied because she would be forced to pursue litigation on the same incident in both state and federal court.  Judicial economy and fair and equitable process of litigation are comparably important concerns.  AIG argues that permitting the amendment would not further the goal of conserving resources of the parties, their counsel, and the judiciary because discovery has already been completed and its Motion for Summary Judgment is fully briefed.  The Court finds this argument without merit.  There is little difference between proceeding with this cause in state court and proceeding with it in this Court.  A state court is competent to render a ruling on the fully-briefed Motion for Summary Judgment.  No judicial efficiency is lost.

In addition to the considerations mentioned above, AIG urges the Court to accept its proposition that Fine's amendment is futile, which provides an alternate basis for to deny joinder.  Def.'s Resp. at 8-10.  "An amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously determined.'" *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (quoting *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)).  In

8

addition,"an amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Id.* (citing *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985); *Verhein v. S. Bend Lathe, Inc.*, 598 F.2d 1061 (7th Cir. 1979)).

Fine contends that Blackford is liable (1) on a separate count in the Complaint by failing to exercise reasonable care in providing Scott's premium and (2) on the bad faith claim by assisting AIG through the creation of the false January 27, 2006, memorandum.  These specific allegations are not merely a restatement of the same facts using different language nor do they reassert a claim previously determined.  Further, AIG fails to show that the amendment could not withstand a motion to dismiss.  Here, AIG makes no showing that would make Fine's allegations against Blackford in the Amended Complaint vulnerable to a motion to dismiss.  Def.'s Resp. at 8-9.

In summary, the Court concludes that the balance of the four factors weighs in favor of allowing Fine to amend her Complaint.  Such an amendment would defeat diversity jurisdiction, which would make remand proper.

### III. **CONCLUSION**

For the foregoing reasons, plaintiff's, Michelle Fine, Motion for Leave to Amend and for Remand is **GRANTED**. The Clerk of the Court is hereby **ORDERED** to docket plaintiff's, Michelle Fine, Amended Complaint and then **REMAND** this cause to Marion Superior Court, Civil Division.

IT IS SO ORDERED this 28th day of November, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Terry Raymond Curry
tcurry@vbradr.com

Michelle Thurber Czapski
DICKINSON WRIGHT PLLC
mczapski@dickinson-wright.com

Edward R. Hannon
HANNON KOLAS & CENTERS
ehannon@hkclaw.net

Courtney Schafer Law
DICKINSON WRIGHT , PLLC
claw@dickinsonwright.com